THE STATE, EMIL LEULY ET AL., PROSECUTORS, v. THE TOWN OF WEST HOBOKEN.

1.  By the laws affecting West Hoboken, notice of a proposed improvement is required to be posted for ten days and to state that objections in writing may be filed with the clerk, and the time and place when and where the town committee will meet to consider the objections; the notice was not posted for the required time, and did not state the place of meeting; prosecutors filed written objections and did not object to the insufficiency of notice, but they were not shown to have attended at the place of meeting; some part of the expenses of such an improvement may fall on the town. *Held,* that an objection on the ground of insufficient notice is fatal to the ordinance passed thereon.
2.  A proviso that no assessment shall be set aside by reason of the mistake of the clerk in the form, substance or manner of posting such

notice, will not prevent such an objection being interposed *in limine* and before an assessment.

*Quære.* As to the effect of the proviso upon such an objection to the assessment.

*Certiorari* bringing up the " Ordinance to provide for the opening of Summit avenue, from Malone street to the Hackensack turnpike," and the proceedings of defendant connected therewith.

Argued at February Term, 1890, before Justices KNAPP and MAGIE.

For the prosecutors, *Abel I. Smith.*

For the defendant, *Augustus A. Rich.*

The opinion of the court was delivered by

MAGIE, J.   It has been deemed unnecessary to consider any of the thirty-one reasons assigned by prosecutors against these proceedings, other than the ninth.

The power of the town of West Hoboken to pass this ordinance, if such power exists, was conferred by the "Act to reorganize the local government of the township of West Hoboken," approved March 27th, 1874, as amended by a supplement approved April 9th, 1875.   *Pamph. L.* 1874, *p.* 594 ; *Pamph. L.* 1875, *p.* 600.

These acts provide for notices of the application and proposal for such improvements before an ordinance may be passed.   Among other provisions, the clerk is required to post, for ten days, in five of the most public places in the township, a notice " stating that objections in writing to the proposed improvement may be filed with him, and of the time and place when and where the township committee will meet to consider such objections."

In the case before us, this notice was not posted for ten days, nor did it state the place at which the township committee would meet to consider objections.

The insufficiency of this notice in these respects must prove fatal to the ordinance, unless such insufficiency has been effectively waived or cured.

It is first urged that prosecutors filed written objections to the proposed improvement and did not object on this ground. But the notice required is not only of an opportunity to file written objections, but also of the time and place where those objections will be considered. Obviously this is designed to enable objectors to attend and at least to use such influence as they may possess to produce a correct determination by the committee. It has not been made to appear that prosecutors attended at the time and place when their objections were considered, or that they had any actual notice thereof. The case does not come within *Forbes* v. *Elizabeth,* 13 *Vroom* 56.

Moreover, by the provisions of the acts in question, some part of the cost and expense of such an improvement may fall on the township. Every taxpayer therefore had an interest in the question whether this improvement should be made, and the notice in question was designed to give the public an opportunity to interpose objections and to attend at their consideration. A deficient notice has been held to be, under such circumstances, an error which the individual prosecutor cannot waive. *Beam* v. *Paterson,* 18 *Vroom* 15.

For these reasons this court may consider this objection, though made by prosecutors.

It is further insisted that the error cannot be objected to or considered, because the first section of the supplement of 1875 contains a proviso by which it is enacted that " no assessment shall be set aside or affected by reason of the mistake of the township clerk in the form, substance or manner of publishing or posting said advertisement."

Had prosecutors permitted the proceedings to continue un-challenged until after the assessment had been imposed, the case would have come within the terms of this proviso. The question would then have arisen whether the legislature could validate a deficient notice, in the absence of proof of actual notice. But that question does not now require decision, for

prosecutors have interposed this objection *in limine,* and before the assessment. The proviso does not apply in terms, and ought not to be extended by construction to an objection so made.

The result is, that the ordinance must be set aside, with costs to prosecutors.