THE STATE, JACOB LEULY· ET AL., PROSECUTORS, v. THE INHABITANTS OF THE TOWN OF WEST HOBOKEN.

1. The "Act to reorganize the local government of the township of West Hoboken," approved March 27th, 1874, and the supplement thereto, approved April 9th, 1875, give authority to lay out, open and extend streets within the township in conformity with the official map of the township.

2. The authority of the township committee in that respect will not be taken away by objections made by the majority of the owners of land affected thereby. The provisions of section 9 of the act of 1874 to that effect have been superseded by those of the supplement of 1875.

*Certiorari* of an ordinance to lay out, open and extend Summit avenue, &c., and the proceedings connected therewith.

Argued at February Term, 1892, before Justices MAGIE and WERTS.

For the prosecutors, *Abel I. Smith.*

For the defendant, *Augustus A. Rich.*

The opinion of the court was delivered by

MAGIE, J. Plaintiffs first contend that the defendant municipality possesses no power to pass an ordinance to lay out and open streets.

Whatever power it possesses has been conferred by the "Act to reorganize the local government of the township of West Hoboken," approved March 27th, 1874 (*Pamph. L., p.* 594), and a supplement to that act, approved April 9th, 1875. *Pamph. L., p.* 600.

By the first-named act the township committee is authorized to pass ordinances, among other things, " to provide for the taking of land and the improvements thereon for laying out and opening, altering, widening and extending the streets, roads and avenues, or any part thereof, in said township," &c. Section 8, ¶ 6.

Streets, roads and avenues, when laid out and opened, were required to conform to a map previously made, but by said act, adopted as the legal and official map of the township. Section 20.

But no scheme for the determination of the value of land taken or damages suffered by the laying out and opening of a street or road can be discovered in the act of 1874, except in respect to what are called "side hill roads." Section 22. The street in question is not a "side hill road."

No power can now be conferred to condemn lands for roads without providing for compensation. *Cherry* v. *Keyport*, 23 *Vroom* 544.

The supplement of 1875 was plainly designed to remedy defects in the original act.

It provides that "All lands taken for the opening, extending, widening or otherwise changing of the boundaries of streets in said township, and the damages sustained thereby, shall be paid for before possession is taken by the township, the amounts to be paid to be determined by commissioners to be appointed by the township committee for that purpose, who shall take the same oath and proceed in the same manner as far as possible as the commissioners of assessment hereinbefore mentioned are required to do." Section 11.

By previous sections of said supplement, commissioners are to be appointed who, after taking a prescribed affidavit, are to determine what lands are specially benefited by what is called in these act an "improvement," the amount of assessment on lands so benefited, the amount of costs and expenses of the improvement which exceed the benefit, and which is to be paid by the township at large, and in cases of award the amount of damage to each lot or parcel of land, and the names of the owners, &c. Section 5.

Construing the act and its supplement together, it is obvious that the power to condemn land for streets and roads, expressly given by the act, has been rendered effective by the provisions of the supplement for the appointment of commissioners to determine what shall be paid for the land taken,

and the damage occasioned by laying out and opening streets and roads. If there is no provision for notice to the parties to be affected by the determination of the commissioners, personal notice will be necessary. *Boice* v. *Plainfield*, 9 *Vroom* 95.

But a proviso to section 11 of the supplement in question declares that the possession of any lands required for said purposes (*i. e.*, for streets, &c.) shall not be taken until after the confirmation of the assessments for benefits. By this the legislative purpose to impose the costs of the laying out and opening of streets upon lands benefited, is plainly disclosed. Yet no provision for making such imposition is made, unless it comes within the provisions for the imposing of such benefits in cases of what are called "improvements." The question thus presented will be considered hereafter.

Compensation, in such a case, need not precede the appropriation of lands. *Loweree* v. *Newark*, 9 *Vroom* 151; *Wheeler* v. *Essex, &c.*, 10 *Id.* 291. The right of the landowner is in no respect affected injuriously by the proviso in question. If an adequate remedy for the recovery of conpensation is provided, it will be sufficient, and delay in taking actual possession until the municipality has taken proceedings to cover its expenditures, cannot affect the landholder's ultimate right to recover his award for compensation.

This contention cannot avail prosecutors.

It is next contended that the township committee was without power to pass the ordinance in question, because (1) it was not applied for in the manner required by law, and (2) an objection was interposed by the owners of the majority of the land fronting on the proposed street.

By the provisions of section 9 of the above-mentioned act of 1874, on an application in writing to the township committee of any owners of lands fronting on streets now open, the said streets may be extended and opened the entire length of said streets, unless the owners of a majority of the land fronting on the said streets and its proposed extension object thereto.

If these provisions remain in force and apply to the case before us, the questions raised by this contention must be considered.

These provisions do remain in force unless they have been amended or repealed by the provisions of the supplement of 1875.

By section 1 of the supplement it is provided that on application in writing to the township committee for any improvement, other than repairs, by any owner of lands which, in the judgment of the township committee, will be specially benefited by such improvement, the committee may direct notice to be given requiring persons interested to present objections in writing to the proposed improvement. The mode of giving such notice was the subject of consideration in a previous case between the same parties. *Leuly* v. *West Hoboken*, 24 *Vroom* 64.

By section 2 of the same act, the township committee may, at any time after the expiration of the time named in said notice, determine whether the improvement shall be made, and if they determine it shall be made, may pass an ordinance for that purpose.

If an "improvement," in the sense the word is used in these acts, includes the laying out and opening of streets, then it is obvious that the provisions of section 9 of the act of 1874 are modified in these respects, viz., that in regard to the extension of streets, the application need not proceed from the owners of land fronting on the opened streets, but from owners of land which, in the judgment of the township committee, will be benefited by such extension, and the township committee will not be deprived of power to lay out and open such extension by objections on the part of a majority of the owners of lands affected.

The phrase "street, sewer and drainage improvements," as used in the act approved March 23d, 1883 (*Rev. Sup., p.* 548, *pl.* 263), has been construed not to include the laying out and opening of streets but only work upon streets. *Cherry* v. *Keyport, ubi supra.*

A careful examination of the two acts under which the town of West Hoboken is incorporated, has led me to the conclusion that the word "improvement," as used in those acts, has a broader meaning, and was designed to include the laying out and opening of streets therein. Thus, in section 9 of the act of 1874, after the provision above referred to respecting the extension of streets, there follows a provision respecting the application required to be made in respect to "other improvements." In section 22, the laying out, opening and construction of side hill roads is styled an "improvement." In the second proviso of section 11 of the supplement of 1875, the same term is used respecting the laying out and opening of streets.

The provisions of sections 1 and 2 of the supplement in respect to any improvement are applicable to the improvement in question in this case, and have amended and repealed the provisions of section 9 of the act of 1874 where they are inconsistent.

The return shows that application for the laying out, opening and extending Summit avenue was made by owners of land which the township committee adjudged would be specially benefited thereby. Due notice was given as required, and after the expiration of the time fixed thereby the committee, notwithstanding objections, determined to make the improvement. It is, therefore, unnecessary to consider whether the objections proceeded from a majority of the owners or not, for the township committee, notwithstanding such objections, had power to pass the ordinance for such improvement.

It follows, from what has been said, that the provisions for making assessments for benefits, contained in sections 4 and 5 of the supplement, relate as well to the case of laying out and opening streets as to other improvements provided for. The sections of the acts are not arranged in logical order; but construed together they seem to provide a complete scheme, both for determining compensation and making assessments for benefits.

Upon this interpretation of the act in question, the objections now under consideration are not effective

It may be added that if the view taken of the acts before us is erroneous, it would probably not affect the right to pass the ordinance in question. The general acts of March 12th, 1878, and March 12th, 1880 (*Rev. Sup., pp.* 548, 553) would seem to apply to this case, and render possible a valid assessment both of costs and expenses and for benefits. *Cherry* v. *Keyport, ubi supra.*

The proceedings of the township committee must, therefore, be affirmed, with costs to defendant.